NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30080 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00153-RAJ |
| v. | |
| KYLE J. TATE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted March 13, 2018**

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Kyle J. Tate appeals from the district court's judgment and challenges the

78-month sentence imposed following his guilty-plea conviction for possession of

visual depictions of minors engaged in sexually explicit conduct, in violation of 18

U.S.C. § 2252(a)(4)(B).  We have jurisdiction under 28 U.S.C. § 1291, and we

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

affirm.

Tate contends that the district court procedurally erred by failing to consider his policy arguments regarding the child pornography guideline. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Tate's policy-based arguments and found them unpersuasive. *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011) ("[D]istrict courts are not obligated to vary from the child pornography Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them."). Moreover, Tate has not shown a reasonable probability that he would have received a different sentence had the court explicitly addressed his policy-based arguments. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Tate also contends that his sentence is substantively unreasonable because he had no prior offenses and was convicted of simple possession. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

2                                                                                    17-30080